UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| APRIL DENISE GRAY, | ) | No. CV 11-02792-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | (Social Security Case) |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

evaluated Plaintiff's excess pain.
(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

## THE ALJ'S ASSESSMENT OF PLAINTIFF'S EXCESS AND SUBJECTIVE PAIN SYMPTOMS CANNOT BE SUSTAINED

Plaintiff raises a single issue, whether the ALJ properly evaluated her excess pain. For the reasons to be set forth, the Court agrees with Plaintiff's contention that he did not.

In his decision, the ALJ assessed that Plaintiff has the following severe impairments: hypertension, hypothyroidism, status post gastric bypass, gastro intestinal disorder, anemia, and status post left arm injury. (AR 22.) In assessing Plaintiff's "complaints of chronic gastric pain," the ALJ determined that they were not fully credible. (AR 24-25.)

The law concerning evaluation of subjective pain complaints is well known. Absent affirmative evidence of malingering, an ALJ must articulate clear and convincing reasons to reject a claimant's testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1985). Credibility assessment factors are enumerated in 20 C.F.R. §§ 404.1529 and 416.929, Social Security Ruling ("SSR") 96-4p, and SSR 96-7p. (See AR at 25.)  Here, the ALJ articulated three discrete reasons to depreciate Plaintiff's credibility. The first is stated as follows: "... the medical evidence of record does not support her allegation

2

that she cannot sustain any work activity." (AR at 24.)  The ALJ also assessed that Plaintiff's subjective complaints and "alleged limitations are out of proportion to the objective clinical findings, ..."  The second reason articulated is that Plaintiff's activities of daily living "are inconsistent with the claimant's allegations of debilitating pain."  The ALJ noted that Plaintiff's work history also belies her claims of subjective pain (AR 25), and finally, he cited as a credibility determination factor that she "has a history of non-compliance with medication." (AR 25.)

The record contains Plaintiff's testimony at the hearing before the ALJ, which occurred in Palmdale, California on March 4, 2009 (AR 38-64), along with substantial medical evidence.  The Court will briefly summarize each of these.

Plaintiff testified that she worked until approximately July of 2006, when she performed services for a child care service. (AR 46.) In September 2006, she was diagnosed as having hypertension, anemia, secondary status post gastric bypass, hypothyroidism, and bradychardia. (AR 203.)  She had not refilled her hypertension medications because of a lack of funds. (Id.)  The record also contains significant information documenting what might well be termed precipitious and rapid weight loss.  Plaintiff weighed 160 pounds in 2004, and had dropped to 133 pounds by September 2006.  She had low hematocrit (HCT) levels which are reflective of anemia. (AR 203-216, 222, 229, 234, 379, 404.)  She was briefly able to stabilize her weight by February 2007, and attempted to perform some part-time work activity. (AR 239-240.)  In June 2007, her weight was 127 pounds. (AR 253-259.)  She last performed part-time work in July 2007, when she was hospitalized for severe abdominal pain and vomiting. (AR 397.)

1  She was admitted to Antelope Valley Hospital on July 10, 2007, at
2  which time she demonstrated symptoms of severe abdominal pain which
3  were assessed as due to a delayed emptying of her gastric pouch with
4  anastomosis of the gastrojejunostomy status post gastric bypass for
5  morbid obesity. (AR 263, 278-283.)  Tests showed that because of an
6  anastomotic gastrojejunostomy that was narrow, she was not able to
7  empty foods well. (AR 278, 289.)  Plaintiff was released from the
8  hospital three days later, on July 13, 2007, but was readmitted on
9  July 22, 2007 for abdominal pain. (AR 278, 302, 312-488.)  Her weight
10 had dropped to 114 pounds.

11     In September 2007, her care was transferred to High Desert Health
12 System and on October 5, 2007, notes indicate that she had stomach
13 pains, nausea and vomiting for two days, and her weight was 117
14 pounds. (AR 393.)  She again had a low HCT level, and in November
15 2007, she continued complaining of abdominal pain and difficulty
16 eating. (AR 386, 494.)

17     She was again admitted to the hospital, this time Olive View UCLA
18 Medical Center, on November 24, 2007 for abdominal pain status gastric
19 bypass which required morphine for her pain, and she was released
20 three days later. (AR 422-427.)  Hospital notes indicate a poor
21 functional status and progressive physical decline and recurrent
22 abdominal pain of unclear source since she had had bypass surgery. (AR
23 439-441.)  She was noted to be depressed, and her son observed that
24 she was not motivated, ate poorly, and was non-compliant with her
25 medications. (AR 439.)  She vomited after eating solid foods. (AR
26 440.)

27     Plaintiff was admitted inpatient to Harbor UCLA on December 10,
28 2007, and discharged the next day. (AR 547-548.)

4

    Progress notes of the Tarzana Treatment Center from April 15, 2008 indicate complaints of stomach pain and recurrent diarrhea. (AR 551.) By May 19, 2008, Plaintiff's weight had dropped to 103 pounds. (AR 654.)

    Thus, Plaintiff has experienced four hospitalizations since July 2007, each of them accompanied by symptoms of severe gastrointestinal pain. As indicated, she has sometimes experienced a precipitious weight loss. For example, between June 27, 2007 and July 10, 2007, a period of approximately two weeks, her weight dropped 13 pounds. (AR 253-259, 312-314.) Indeed, by May 2008, her weight had dropped to 103 pounds. (AR 654.)

    Considering this record, the ALJ's reliance on the factor of subjective pain complaints not being corroborated by objective medical evidence is difficult to understand. Plaintiff was hospitalized on numerous occasions in a relatively short period of time, always because of reasons relating to gastrointestinal issues and pain. Her extreme weight fluctuations simply cannot be ignored, and appear to be consistent with a chronic absorption problem. Consequently, the ALJ's conclusion that "there is no evidence that these impairments causes [sic] significant functional limitations and appear to be well-controlled with medication" (AR 24) is simply unsupported by the medical record.

    While the Commissioner clearly need not accept a claimant's subjective complaints as dispositive of the issue, the record here contains ample objective evidence which corroborates these complaints. Simply because a treating source may not be able to exactly pinpoint the cause of pain complaints is no reason to reject them in and of itself.

Other factors cited by the ALJ, and now supported by the Commissioner in this litigation, fare no better. One of those factors is asserted non-compliance with medications; however, a careful analysis of the record does not support a conclusion that the non-compliance is chronic, or that the instances of non-compliance are not explainable for legitimate reasons. One instance cited by the ALJ in the treatment notes occurred in 2006 when Plaintiff had been off her medications for one month. (AR 24.) But the explanation is provided that Plaintiff did not fill certain prescriptions because she did not have money. (AR 203.) In another instance, the treating physician stated that Plaintiff "was not exactly compliant with her home medications and the patient has been quite depressed since her gastric bypass." (AR 423.) The Commissioner argues that "the ALJ did not find against Plaintiff on grounds of [medication] non-compliance." (AR 18.) That conclusion is not supported by the language of the decision, where the ALJ specifically commented upon this issue in assessing Plaintiff's credibility. (AR 25.) Moreover, although the Court will not dwell extensively on this issue, the question of Plaintiff's mental state may very well be relevant in this context. The Commissioner argues that the relationship, if any, of Plaintiff's mental health to her occasional non-compliance with medication is a "straw man." (AR 17.) He further argues that Plaintiff never brought up issues of mental health, but it is the ALJ's obligation to evaluate the record, and if there are any apparent mental health issues, to investigate them. Moreover, as noted, in November 2007, one of Plaintiff's medical providers, Dr. Yu, observed that in conjunction with Plaintiff's inexact compliance with her medication regimen, she has been quite depressed since her gastric bypass. (AR 423.) The

1 Court will simply state that on remand, this issue should be properly
2 addressed to determine if it has any applicability.
3      The ALJ also cited Plaintiff's work history as contradicting her
4 claims of excess pain.  But, as the Court has read the record,
5 Plaintiff only attempted to do some part-time work as much as she was
6 able, before she was hospitalized in the first of a series of
7 hospitalizations.  Instead of lauding Plaintiff for attempting to
8 overcome her impairments and her chronic pain by doing some work, at
9 least, it appears that these attempts were used to fault Plaintiff as
10 being not credible.  The Court does not agree that this is a
11 reasonable conclusion based on this record.
12      Finally, the ALJ's indication that because Plaintiff is able to
13 do certain daily living activities, she must not have the extent of
14 pain that she claims, is also not a conclusion which is substantiated
15 in the record.  The fact that a person can bathe, dress, prepare
16 simple meals, do grocery shopping, and manage finances is not at odds
17 with the existence of chronic debilitating pain, and those types of
18 activities do not necessarily translate into an ability to do work.
19 One need not live in a board and care facility to be disabled.
20 Moreover, a fair reading of Plaintiff's testimony is that she manages
21 to do her daily living activities to the extent she is able, dependent
22 on how she is feeling. (See, e.g., AR 51.)
23      For the foregoing reasons, the Court will not sustain the ALJ's
24 credibility determination.  Upon remand, Plaintiff's credibility as to
25 her subjective pain complaints will be properly evaluated according to
26 case law and regulation.
27 //
28 //

This matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: January 25, 2012

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE